IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN L. RUSH,<br><br>        *Petitioner*,<br><br>v.<br><br>ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, *et al*,<br><br>        *Respondents*. | Civil Action No. 2:20-cv-1256<br><br>Hon. William S. Stickman IV<br>Hon. Patricia L. Dodge |

## **ORDER OF COURT**

AND NOW, this 6th day of September 2023, after Petitioner John L. Rush, filed a Petition for Writ of Habeas Corpus (ECF No. 4),[1] and after a thorough Report and Recommendation was filed by Magistrate Judge Patricia L. Dodge recommending the denial of all four claims raised by Petitioner and the denial of a certificate of appealability (ECF No. 27), and having received Petitioner's Objections (ECF No. 28) and conducting its independent *de novo* review of the entire record, the Court hereby ADOPTS Magistrate Judge Dodge's Report and Recommendation as its Opinion. It concurs with her thorough legal analysis, legal conclusions, and recommendations. The Court has independently reached the same conclusions as Magistrate Judge Dodge.

---

[1] On December 15, 2014, after a jury trial in the Court of Common Pleas of Allegheny County, Petitioner was convicted of four counts of aggravated assault and one count each of disarming a law enforcement officer, torture of a police animal, cruelty to animals, resisting arrest, escape, possession of a weapon, and flight to avoid apprehension, trial or punishment. On March 10, 2015, the trial court sentenced Petitioner to an aggregate sentence of 14 years and 10 months of imprisonment, followed by 8 years of probation. The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment.

1

Each of Petitioner's four habeas claims allege that trial counsel provided ineffective assistance of counsel.[2] In claim 2, Petitioner asserts that trial counsel was ineffective for failing to request a *Kloiber*[3] instruction for Allegheny County Sheriff's Office Deputy John Herb's ("Deputy Herb") identification testimony. The Court concurs with Magistrate Judge Dodge that the Pennsylvania Superior Court's decision in *Commonwealth v. Rush*, No. 339 WDA 2018, 2019 WL 2070490 (Pa. Super. May 10, 2019)[4] – that Petitioner was not entitled to a *Kloiber* instruction under Pennsylvania law – is a state law determination not subject to review by the Court. Furthermore, it concurs with Magistrate Judge Dodge that Petitioner has not met the burden imposed on him by AEDPA's (Antiterrorism and Effective Death Penalty Act of 1996) standard of review at 28 U.S.C. § 2254(d)(1). (ECF No. 27, pp. 20-21). The Court denies Petitioner's claim that trial counsel was ineffective for not requesting a *Kloiber* instruction (claim 2).

---

[2] Ineffective assistance of counsel claims are grounded in rights guaranteed under the Sixth Amendment. In *Strickland v. Washington*, 466 U.S. 668 (1994), the Supreme Court of the United States announced the test that a habeas petitioner must satisfy before a federal court can find that counsel failed to provide effective assistance under the Sixth Amendment. This same standard has been incorporated by Pennsylvania courts as the proper basis to consider challenges for ineffective assistance of counsel under the Pennsylvania constitution. *See Commonwealth v. Pierce*, 527 A.2d 973, 976 (Pa. 1987) (stating that Pennsylvania courts apply elements of the *Strickland* test to ineffective assistance of counsel claims). Under *Strickland*, a petitioner who claims ineffective assistance of counsel must prove (1) that counsel's representation fell below an objective standard of reasonableness and (2) that any such deficiency was prejudicial to the defense. *Strickland*, 466 U.S. at 687-92. To satisfy the first prong of the *Strickland* test, a petitioner must show that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. To meet the second prong of the *Strickland* test, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

[3] *Commonwealth v. Kloiber*, 106 A.2d 820 (Pa. 1954).

[4] The Supreme Court of Pennsylvania denied a petition for allowance of appeal on September 18, 2019.

As to Petitioner's other claims of ineffective assistance of trial counsel, he acknowledges that he procedurally defaulted on claims 1 (failing to file a motion to suppress Deputy Herb's alleged "suggestive and highly unreliable identification"), 3 (failing to use Petitioner's medical records to impeach Pittsburgh Police Officer Phillip Lerza's trial testimony and impeach Pittsburgh Police Officer John Baker's trial testimony by pointing to his alleged prior inconsistent statements) and 4 (failing to investigate and prepare for trial by: not submitting in writing proposed points for charge; failing to investigate and determine which of the police officers' voices were on the 911 tapes; and failing authenticate a WPXI news video that was introduced at the trial that depicted the officers escorting Petitioner from the scene after his arrest) because he did not exhaust his available state court remedies.  Nevertheless, Petitioner asserts that under *Martinez v. Ryan*, 566 U.S. 1 (2012), the Court should excuse the default and review the claims *de novo*.

As Magistrate Judge Dodge accurately notes, the general rule is that because there is no federal constitutional right to counsel in a PCRA proceeding, a petitioner cannot rely on PCRA counsel's ineffectiveness to establish the cause necessary to overcome the default of a federal habeas claim.  (ECF No. 27, p. 24). With the passage of *Martinez* (which only deals with defaulted claims asserting trial counsel ineffectiveness), a petitioner can overcome the default by demonstrating that the defaulted claim of trial counsel's ineffectiveness is "substantial," and that PCRA counsel was ineffective under *Strickland* for failing to raise that claim to the PCRA court. *Martinez*, 566 U.S. at 17.

The Court concurs with Magistrate Judge Dodge that "Petitioner makes essentially boilerplate allegations that he can overcome the default of his claims under *Martinez* because his PCRA counsel was allegedly ineffective, but he has put forth no grounds to excuse his default on

this basis." (ECF No. 27, p. 24). Magistrate Judge Dodge correctly recognizes that even if the Court excused Petitioner's failure to raise his ineffective assistance claims in state court, the AEDPA does not allow the Court to excuse his separate failure to develop the record just because his PCRA counsel allegedly did a bad job. The Court is limited to the facts developed in state court. On a closed state court record, Petitioner cannot show that his trial counsel was ineffective. "[T]he absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (internal quotation marks and brackets omitted). The Court concurs with Magistrate Judge Dodge that "given the strength of the evidence establishing his guilt on all crimes for which he was convicted, Petitioner was not prejudiced by trial counsel's alleged failure to do any of the things Petitioner faults him for in Claims 1, 3 and 4." (*Id.*).[5] Hence, claims 1, 3 and 4 are defaulted – they are not "substantial" and PCRA counsel was not ineffective for failing to litigate them before the PCRA court.

The Court will not hold an evidentiary hearing on the merits of claims 1, 3, and 4 because Petitioner has not satisfied either of 28 U.S.C. § 2254(e)(2)'s two narrow exceptions to AEDPA's general bar on evidentiary hearings. Furthermore, Petitioner is not entitled to an evidentiary hearing on whether the Court should excuse his default under *Martinez*. *See Shinn v. Ramirez*, _ U.S. _, 142 S. Ct. 1718, 1733-39 (2022); *see also Williams v. Superintendent*

---

[5] The evidence and how it related to these three ineffectiveness claims was thoroughly addressed by the Commonwealth of Pennsylvania in its Answer to Petition for Writ of Habeas Corpus at pages 10-16, 30-32, and 37-38. (ECF No. 15).

*Mahanoy SCI*, 45 F.4th 713 (3d Cir. 2022).[6]  The Court agrees with Magistrate Judge Dodge that,

> the evidence in the state court record, standing alone, does not support any of Petitioner's defaulted claims for relief.  There is no testimony from trial counsel explaining why he did, or failed to do, any of the many things Petitioner's faults him for.  Thus, on the closed record Petitioner cannot overcome the presumption that trial counsel rendered constitutionally adequate assistance.  Because Petitioner has not satisfied either of the two limited scenarios set forth in § 2254(e)(2) necessary to permit the Court to conduct a hearing on the merits of his defaulted claims, he cannot introduce into the record the evidence to support them. Therefore, the Court need not hold a hearing on whether he can overcome his default since, even if the Court excused his default, it could not consider his new evidence in evaluating the merits of his defaulted claims.

(ECF No. 27, p. 28) (internal citations omitted).

The Court hereby OVERRULES Petitioner's Objections (ECF No. 28).

IT IS HEREBY ORDERED that Petitioner's Writ of Habeas Corpus (ECF No. 4) is DISMISSED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.  Reasonable jurists would not find the Court's denial of relief on each of Petitioner's four claims debatable or wrong.[7]

---

[6] As Judge Dodge accurately explains (*see* ECF No. 27, pp. 25-27), the proper procedure for determining whether to excuse a petitioner's procedural default is to first decide whether an underlying ineffectiveness claim succeeds considering only the state court record.  Only then may a district court proceed with a *Martinez* hearing to evaluate whether post-conviction counsel was ineffective.  If a state court record alone does not allow a petitioner to succeed on the underlying ineffectiveness claim, a district court must skip hearings altogether and deny habeas relief.

[7] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  On the other hand, when a

AND, IT IS FINALLY ORDERED that, pursuant to Federal Rule of Appellate Procedure 4(a)(1), if Petitioner desires to appeal from this Order, he must do so within thirty (30) days by filing a notice of appeal as provided in Federal Rule of Appellate Procedure 3.

The Clerk is directed to mark this CASE CLOSED.

BY THE COURT:

_William S. Stickman IV_
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

district court has rejected a constitutional claim on its merits, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, a demonstration that [ ] includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (citation omitted).